UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CR-16-119-15-R |
| | ) |
| DARYL LLOYD IVEY, | ) |
| | ) |
| Defendant. | ) |

# ORDER

Defendant Daryl Lloyd Ivey is currently serving a 235-month term of imprisonment for one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1). Now before the Court is Mr. Ivey's pro se letter requesting a sentence reduction under 18 U.S.C. § 3582(c)(2). The government responded in opposition [Doc. No. 2044].

Section 3582(c)(2) "establishes an exception to the general rule of finality 'in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)' and made retroactive pursuant to § 994(u)." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (quoting 18 U.S.C. § 3582(c)(2)). Mr. Ivey does not identify a specific amendment to the U.S. Sentencing Guidelines but references an alleged change to the way the guidelines treat "actual methamphetamine" and "mixture." As the government explained in its response, Mr. Ivey was held responsible for 406 grams of actual methamphetamine resulting in a base offense level of 32. The current sentencing

guidelines reflect the same base offense level. Because Mr. Ivey has not identified a retroactive amendment that would lower his guideline range, he is not eligible for relief under 18 U.S.C. § 3582(c)(2).

Accordingly, Defendant's letter is DISMISSED.

IT IS SO ORDERED this 8th day of January, 2026.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE